# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **JACOB BARNES, ET AL** | **CIVIL DOCKET NO. 1:21-cv-00024** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DRESSER, LLC, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## ORDER

Before the Court are two motions filed by General Electric Company ("GE"): (i) MOTION FOR RECONSIDERATION [Doc. 249]; and (ii) MOTION FOR LEAVE TO FILE ITS NO EVIDENCE MOTION FOR SUMMARY JUDGMENT [Doc. 260].

In the first motion [Doc. 249], GE asks the Court to reconsider its denial of GE's Motion for Summary Judgment [Doc. 188]. Although GE's grounds for asking the Court to revisit its detailed ruling are somewhat unclear, its argument seems to rest primarily on the contention that the Ruling does not explicitly enter summary judgment on any claims premised on the theories of successor or subsidiary liability. But the record is crystal clear that Plaintiffs do not make claims against GE on these bases.[1] Further, the Court's Ruling expressly discounts the legal

---

[1] *See Barnes* Plaintiffs' Opposition to General Electric's Motion for Summary Judgment, [Doc. 194, p.1 & n.1] ("*Barnes* Plaintiffs do not oppose GE's request in part, with regard to successor liability;" "*Barnes* Plaintiffs do not contest the Court's finding in *Barton v. Dresser, LLC*, No. 1:22-cv-263, 2024 WL 2029137 (W.D. La. May 7, 2024) as it relates to GE's Successor-In-Interest liability."); [Doc. 210, p. 1] ("Barnes Plaintiffs' claims against GE are rooted in the Louisiana Groundwater Act, La. R.S. § 30:2015.1; negligence under article 2315; and strict liability under article 2317.1."); [Doc. 256, p. 1] ("At the Court's direction, *Barnes* Plaintiffs identified their discrete claims against GE for its own misconduct — negligence under article 2315 and strict liability under articles 2317 and 2317.1.").

viability of any such claims.[2] Neither will the Court instruct the jury on these phantom claims in the Bellwether trial set to commence on October 28, 2024. The MOTION FOR RECONSIDERATION is therefore DENIED.

In the second motion [Doc. 260], GE asks the Court for leave to file yet another summary judgment motion, which it styles as a "No Evidence Motion for Summary Judgment." Notwithstanding the Court's Standing Order in Civil Cases limiting each party to one Rule 56 motion [Doc. 216, p. 4, Bellwether Trial Scheduling Order], the *Barnes* matter has now been pending for almost four years and we are now less than two weeks from the Bellwether trial in this matter. Even if the Court were inclined to allow another dispositive motion at this late hour – which it isn't – there would be insufficient time to complete briefing and for the Court to rule on any such motion before trial. The Motion for Leave is therefore DENIED. The Court recommends that counsel for General Electric exercise restraint in filing any additional motions and instead spend the next two weeks preparing its case for trial.

Considering the foregoing,

IT IS HEREBY ORDERED that GE's MOTION FOR RECONSIDERATION [Doc. 249] is DENIED.

---

[2] *See* Memorandum Ruling, [Doc. 224, pp. 2, 5-6] ("[T]he issues of subsidiary and successor liability have been resolved in other Related Cases and neither remain viable." "In its supplemental briefing on the Motion for Summary Judgment, Plaintiffs clarify that their claims against GE are as follows: (i) "rooted in the Louisiana Groundwater Act, La. R.S. § 30:2015.1;" (ii) negligence under article 2315; and (iii) strict liability under article 2317.1. [Doc. 210, p. 1]. With respect to article 2315, Plaintiffs' theory of liability is that GE failed to adequately control the investigation of the contamination; failed to timely and adequately remediate; and failed to timely warn nearby landowners of the risk of harm to persons and property. Under article 2317.1, Plaintiffs' theory is one of strict liability, based on GE's "garde" – or control – of the Dresser Facility, specifically as it relates to the contamination.").

IT IS FURTHER ORDERED that GE's MOTION FOR LEAVE TO FILE ITS NO EVIDENCE MOTION FOR SUMMARY JUDGMENT [Doc. 260] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 15th day of October 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE