UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JACOB BARNES, *et al.*,**<br>**Plaintiffs**<br><br>versus<br><br>**DRESSER, LLC, *et al.*,**<br>**Defendants** | **CIVIL ACTION NO. 1:21-CV-00024**<br><br>**DISTRICT JUDGE DAVID C. JOSEPH**<br><br>**MAG. JOSEPH H. L. PEREZ-MONTES**<br><br>**JURY DEMAND** |

## GENERAL ELECTRIC COMPANY'S MOTION FOR LEAVE TO PRESENT LIMITED TESTIMONY BY DEPOSITION AND INCORPORATED MEMORANDUM IN SUPPORT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, General Electric Company, who respectfully moves this Court for leave to admit into evidence the attached limited designations of the video depositions of Chris Clodfelter ("Clodfelter"), Dina Kuykendall ("Kuykendall"), and TJ Dunnahoe ("Dunnahoe").[1]

The witnesses reside outside of this State; they are not affiliated with General Electric Company,[2] the testimony that General Electric Company seeks to offer is extremely limited (Clodfelter: 2 minutes, 53 seconds; Kuykendall: 7 minutes, 14 seconds; Dunnahoe: 32 minutes, 19 seconds); and the limited testimony is necessary to establish certain key points in General Electric Company's case. As set forth below, good cause exists for the presentation of this limited testimony through video deposition, and General Electric Company respectfully requests that this honorable Court grant it leave to do so.

---

[1] The proposed deposition designations are attached hereto as Exhibits A, B and C, respectively.
[2] Likewise, in response to requests, counsel for Baker Hughes and counsel for Stantec have indicated that they are not authorized to accept subpoenas on their behalf. Notwithstanding the foregoing, we continue to make further inquiries with Mr. Dunnahoe in hopes that he will voluntarily appear.

#102942264v1

## LAW AND ARGUMENT

Rules 32 and 45 regulate the use of depositions in court proceedings and the Court's subpoena power, respectively. Rule 45(c)(1) enumerates the subpoena power of federal courts, providing in relevant part:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person: (i) is a party or party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1). Although a party may not compel the attendance at trial of any witness more than 100 miles from, or otherwise outside the state of the trial court, a party may compel a witness to sit for a deposition and designate that witness's deposition testimony for use at trial. Per Rule 32:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition [or] . . . ; that the party offering the deposition could not procure the witness's attendance by subpoena . . . .

Fed. R. Civ. P. 32(a)(4)(B), (D).

Clodfelter, Kuykendall, and Dunnahoe reside outside of this State and are thus outside of the subpoena power of the court. General Electric Company does not employ or control these individuals, and never has. Upon information and belief, Clodfelter is employed by Baker Hughes,

#102942264v1

Inc. in Houston, Texas.[3] Similarly, Kuykendall was formerly employed by Baker Hughes, Inc.[4] but, upon information and belief (based on her LinkedIn profile), is now employed by TRC Companies in Houston, Texas. Finally, Dunnahoe is employed by Stantec in Houston, Texas.[5]

These witnesses were significantly involved in the investigation and remedial efforts and are central to General Electric Company's case.[6] Notably, Chris Clodfelter of Baker Hughes became the project manager in 2019 when Ed Kolodziej transitioned out of that role, and Chris Clodfelter is the current project manager. Dina Kuykendall was Global Leader for Environment and Sustainability at Baker Hughes (Chris Clodfelter reported to her) and she served as the project manager for a period of time. TJ Dunnahoe was the MWH/Stantec project manager from 2011 until 2015. As this Court can see from the attached proposed designations, these witnesses provide the evidence necessary to establish certain points that are central to General Electric's case, including the transition to Baker Hughes, the retention of MWH/Stantec, and the investigation and remedial efforts during General Electric Company's involvement.

---

[3] *See* deposition designations of Chris Clodfelter, attached hereto as Exhibit A at p. 10:17-18 ("Q. Mr. Clodfelter, what is your job title or position? A. My official title is Global Remediation Lead at Baker Hughes."). General Electric Company has no affiliation with Baker Hughes (or Dresser), and has not had any affiliation with any Baker Hughes companies since 2019 at which time it sold all stock in Baker Hughes, a GE Company, LLC and Baker Hughes, a GE Company, LLC changed its name to Baker Hughes Company.

[4] *See* deposition designations of Dina Kuykendall, attached hereto as Exhibit B at p. 13:17-22 ("Q. And you are the Global Leader for HS&E. What company do you work for? A. I'm the Global Leader for Environment and Sustainability, and I work for Baker Hughes."); *id.* at p. 13:17-22; p. 13:20-22 ("Q. How long have you been in that Global leader position? A. 18 years.").

[5] *See* deposition designations of TJ Dunnahoe, attached hereto as Exhibit C at pp. 24:6-25:21 ("Q. -- what was your first position at MWH/Stantec? A. Field scientist, probably, would have been my title at the time when I first started at MWH. Q. And how long were you in that position? A. Maybe a year, less than. Q. Okay. And then what was your next position? A. Project manager. Q. And how long were you a project manager? A. I still am a project manager—").

[6] All three witnesses were identified on Plaintiffs' May Call Witness List (R. Doc. 276 at 5). General Electric Company likewise identified these witnesses on its Will Call and May Call Witness lists (R. Doc. 276 at 20 and 23). General Electric Company attempted to seek clarity on several occasions whether Plaintiffs would be seeking to offer testimony of these witnesses so that it could thereafter provide its designations; however, out of an abundance of caution, on October 27, General Electric Company circulated its proposed designations to all parties. Accordingly, there are no surprises

The testimony of Mr. Jamison who is also a Baker Hughes employee was presented by video deposition. The circumstances here are no different. The witnesses are unwilling to appear voluntarily for General Electric Company's case. And, these witnesses were in fact directly involved with the investigation and remediation. Furthermore, in light of the extremely limited testimony necessary, which has been narrowly tailored to only include testimony that is absolutely necessary, the video testimony will not impose a hardship on the jury.

In the interest of justice and based on the good cause shown, General Electric Company respectfully requests that this Court grant it leave to present the limited testimony of Clodfelter, Kuykendall and Dunnahoe by video deposition.

Respectfully submitted,

*/s/ Lauren C. Mastio*
Marjorie A. McKeithen (#21767)
Lauren C. Mastio (#33077)
Meghan E. Smith (#34097)
Taylor K. Wimberly (#38942)
Marisa A. Del Turco (#40336)
**Jones Walker LLP**
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70130
Telephone: (504) 582-8709
Facsimile: (504) 589-8709
mmckeithen@joneswalker.com
lmastio@joneswalker.com
msmith@joneswalker.com
twimberly@joneswalker.com
mdelturco@joneswalker.com

**Counsel for Defendant, General Electric Company**

## CERTIFICATE OF SERVICE

I hereby certify on this 29th day of October, 2024, that a copy of the foregoing was

4

#102942264v1

electronically filed in the Court's CM/ECF system and that all counsel of record will be served with this pleading through that system.

                                      */s/ Lauren C. Mastio*