UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JACOB BARNES, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>DRESSER, LLC., et al.<br><br>    Defendants. | No. 1:21-cv-00024-DCJ-JPM<br><br>Judge Joseph<br><br>Magistrate Judge Perez-Montes |

### DRESSER'S MOTION FOR DIRECTED VERDICT AND JUDGMENT AS A MATTER OF LAW AND INCORPORATED MEMORANDUM IN SUPPORT

Even after Plaintiffs' presentation of evidence at trial, the record is devoid of evidence necessary to establish the essential elements of Plaintiffs' claims against Dresser, LLC ("Dresser") under La. Civ. Code articles 2315, 2317.1, and 667, including evidence sufficient to support an award of damages for diminution in value, mental anguish, or loss of use. Subject to the foregoing, Defendant Dresser submits this directed verdict and motion for judgment as a matter of law and incorporated memorandum in support pursuant to Rule 50(a) of the Federal Rules of Civil Procedure because Plaintiffs have failed to present evidence sufficient to support a jury verdict in their favor.

### I.
### THE LEGAL STANDARD

A motion for judgment as a matter of law should be granted if, "after a party has been fully heard by the jury on an issue, there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." *Aetna Cas. & Sur. Co. v. Pendleton Detectives of Miss., Inc.,* 182 F.3d 376, 377-78 (5th Cir. 1999) (quoting Fed. R. Civ. P. 50) (quotations omitted). "[A] party has been fully heard when he rests his case." *Echeverria v.*

1

*Chevron USA Inc.*, 391 F.3d 607, 610 (5th Cir. 2004). At that time, the court "may grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, cannot be maintained or defeated." Fed. R. Civ. P. 50(a)(1). "A mere scintilla of evidence is insufficient to present a question for the jury." *Rutherford v. Harris County,* 197 F.3d 173, 179 (5th Cir. 1999). Instead, "[t]here must be a conflict in substantial evidence to create a jury question." *Id.* (internal quotation marks and citations omitted).

## II.
## PLAINTIFFS FAILED TO INTRODUCE LEGALLY SUFFICIENT EVIDENCE OF ESSENTIAL ELEMENTS IN SUPPORT OF EACH CLAIM

Despite years of discovery and a trial on the merits, Plaintiffs have been unable to produce evidence or testimony necessary to support Plaintiffs' tort claims against Dresser. Plaintiffs bear the burden of establishing every essential element of their claims by a preponderance of the evidence. *Buffitt v. White*, 645 So.2d 631, 638 (La.App. 4th Cir.1994), writ denied, 651 So.2d 269 (La.1995); *Mouton v. Sears Roebuck*, 748 So.2d 61, 65–66 (La.App. 3rd Cir.1999), writ denied, 754 So.2d 232 (La.2000); *Pierrotti v. St. Paul Fire & Marine Ins. Co.*, 273 So.2d 363, 365 (La.App. 3rd Cir.1973), writ denied, 275 So.2d 868 (La. 1973). Plaintiffs have not—and cannot—meet this burden.

Under the duty/risk analysis, Plaintiffs must prove five separate elements to establish liability under La. Civ. Code arts. 2315,[1] 2317.1,[2] or 667:[3] (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a

---

[1] *Farrell v. Circle K Stores, Inc.,* 359 So.3d 467, 473, 2022-00849 La. 3/17/23, 5 (La. 2023).
[2] *Id.* ("Whether a claim arises in negligence under La. Civ. Code art. 2315 or in premises liability under La. Civ. Code art. 2317.1, the traditional duty/risk analysis is the same.").
[3] *Yokum v. 615 Bourbon St., L.L.C.,* 2007-1785, p. 21 (La. 2/26/08), 977 So.2d 859, 874 (recognizing the current version of Article 667 is examined under a negligence standard).

2

cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element). *Id.* (citing *Boykin v. Louisiana Transit Co., Inc.*, 96-1932, pp. 8-9 (La. 3/4/98), 707 So.2d 1225, 1230). If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable. *Id.* (citing *Mathieu v. Imperial Toy Corp.*, 94-952, p. 4 (La. 11/30/94), 646 So.2d 318, 322). Here, Plaintiffs have failed to prove duty, breach, causation, and damages for each claim.

> **A. *Plaintiffs Failed to Prove the Applicable Standard of Care or Dresser's Departure from It with Respect to Pre-1996 Conduct***

Plaintiffs' failure of proof on all three tort claims is striking in multiple regards, but none more so than Plaintiffs' failure to establish the appropriate standard of care or duty applicable to Dresser's pre-1996 conduct under 2315 or 2317.1. "Expert testimony is generally required to establish the applicable standard of care and whether that standard of care was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." *Aultman v. Maggio*, 2017 WL 5709896, at *4 (W.D. La. 2017) (applying Louisiana law). To establish the appropriate standard of care, Plaintiffs are required to offer expert testimony regarding industry and regulatory standards applicable to historical waste handling practices of TCE between the 1960s and early 1980s—a subject outside the general knowledge of a lay person. The absence of expert testimony regarding an applicable standard of care, and any attendant breach, is fatal to all of Plaintiffs' remaining causes of action.

> **B. *Plaintiffs Cannot Prove One or More Essential Elements of Their Article 2315 Claim.***

In addition to Plaintiffs' failure to establish duty or a breach thereof, Plaintiffs have not proffered direct evidence of a single cause—much less a negligent cause—of the TCE plume attributable to Dresser. Plaintiffs' proof of negligent causation is limited to circumstantial evidence

3

that (1) a TCE plume exists on and around the Dresser Facility that (2) Dresser has committed to cleaning up.

Plaintiffs' presentation of circumstantial evidence is, at best, a *res ipsa loquitor* argument—*i.e.,* because there is a TCE plume around the Dresser facility, some "negligence" must have occurred. However, for *res ipsa loquitor* to apply, the Court must find "(1) the injury is of the kind which does not ordinarily occur in the absence of negligence on someone's part; (2) the evidence sufficiently eliminates other more probable causes of the injury, such as the conduct of the plaintiff or of a third person; and (3) the alleged negligence of the defendant must be within the scope of the defendant's duty to the plaintiff." *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 2006-3030 (La. 9/5/07) 966 So.2d 36, 44. The Louisiana Supreme Court has long held "[r]es ipsa loquitur, as 'a qualification of the general rule that negligence is not to be presumed,' must be sparingly applied." *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1362 (La. 1992) (citing *Day v. National U.S. Radiator Corp.*, 241 La. 288, 128 So.2d 660, 665 (1961)). Plaintiffs are unable to meet their burden as to any criterion because there are numerous probable non-negligent explanations for the TCE plume, as recognized by numerous courts throughout the country.[4] Thus, Plaintiffs are not entitled to a *res ipsa loquitor* instruction.

---

[4] *See e.g., Bolinder Real Estate, L.L.C. v. U.S.,* 2002 WL 732155, at *8 (D. Utah 2002) (Court found "Defendant was **not negligent** in the discharge of TCE that led to the contamination of Plaintiffs' property in the mid 1990's, because the discharges did not violate any relevant standards of care at the time the discharges occurred) (emphasis added); *Smith v. Hughes Aircraft Co.*, 22 F.3d 1432, 1440 (9th Cir. 1994) (finding no basis to conclude that TCE was likely to result in harm at the relevant time given that: (1) TCE was commonly used as an anesthetic and disinfectant; (2). TCE was used to extract hops, decaffeinate coffee, and prepare fish meal; (3) the Food and Drug Administration did not propose banning TCE as a food additive until 1977; and (4) the Environmental Protection Agency did not propose a non-binding standard for TCE in drinking water until 1979); *Western Greenhouses v. United States*, 878 F. Supp. 917, 927 (N.D. Tex. 1995) (finding that Air Force employees had no reason to know that their TCE waste disposal activities could lead to plaintiffs' damages given the state of knowledge during the period between the 1940s and the 1970s,); *O'Neal v. Department of Army*, 852 F. Supp. 327, 330-32 (M.D. Pa. 1994) (from 1960 to 1983, the Army degreased parts with TCE at an aircraft maintenance facility at the New

In the absence of a *res ipsa loquitor* instruction, which is inappropriate here, circumstantial evidence is insufficient to support a negligence finding. Because Plaintiffs have failed to meet the essential elements of their claim, Plaintiffs' claims for negligence should be dismissed as a matter of law.

### C. Plaintiffs Cannot Prove One or More Essential Elements of Their Article 2317.1 Claim

Plaintiffs also assert a cause of action under Article 2317.1 but have failed to identify the "thing" at issue—and certainly not a defective "thing." To recover for damages caused by a defective thing, Plaintiffs must prove (1) that the thing was in the defendant's custody, (2) that the thing contained a defect which presented an unreasonable risk of harm to others, (3) that this defective condition caused the damage, and (4) that the defendant knew or should have known of the defect. *Waller v. Shelter Mut. Ins. Co.,* 41,215 (La.App. 2 Cir. 6/28/06), 935 So.2d 288, 291–92. Without identification of the defective thing, Plaintiff has failed to meet every factual and legal basis under the statute. Dresser is aware of no evidence sufficient to prove, by a preponderance of the evidence, any defective thing in Dresser's custody that caused damage to Plaintiffs. Moreover, any request for a *res ipsa* instruction is inappropriate for the same reasons mentioned in Section II.B, above.

### D. Plaintiffs Cannot Prove One or More Essential Elements of Their Article 667 Claim

Plaintiffs' claim for nuisance under the post-1996 version of article 667 is equally flawed. Article 667 provides, in relevant part:

> Although a proprietor may do with his estate whatever he pleases, still he cannot make any work ***on it***, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes ***on his estate*** deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known

---

Cumberland Army Depot; the court found that the Army's use of TCE and disposal of the chemical through a drainage system that emptied into a marsh complied with industry practices at the time).

5

>that his works ***would cause damage***, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

La. Civ. Code art. 667 (emphasis added). Plaintiffs may prevail on their nuisance claim only if they prove that Dresser conducted a work *on its own property* after 1996 that Dresser knew, or should have known, *would cause* damage to Plaintiffs. According to the Louisiana Supreme Court, liability under Article 667 arises only "when activity by one party holding a right to immovable property has caused damages to a party holding a right to a neighboring property." *Inabnet v. Exxon Corp.,* 93-0681 (La. 9/6/94); 642 So. 2d 1243, 1251-52.

Here, Plaintiffs' argument that Dresser's remedial actions have caused damage to Plaintiffs falls flat. To the extent Plaintiffs argue that trucks in the neighborhood are a nuisance, such activity is not being conducted on Dresser's property. To the extent Plaintiffs claim that Dresser's remedial efforts on Dresser's property are the basis for the claims, Plaintiffs have adduced no evidence that remediation or remedial efforts on Dresser's property has caused damage to either Plaintiff or that Dresser knew or should have known that remedial efforts *would cause* damage to the Plaintiffs. Moreover, Plaintiffs have not established that Dresser's remedial activities fell below the standard of care or were the proximate cause of Plaintiffs' injuries.

Simply put, Plaintiffs have failed to produce evidence sufficient to meet their burden with respect to any essential element of nuisance and such claims should be dismissed as a matter of law.

### III.
### PLAINTIFFS' EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT A CLAIM FOR DAMAGES AS A MATTER OF LAW

It is well-settled under Louisiana law that there can be no award for damages where a claimant has suffered none. *See, e.g., Anderson v. W.U. Tel. Co.,* 1911 WL 1904 (La. App. Orleans 1911) (one cannot recover damages for a tort, when he has suffered none by reason thereof); *Innis*

6

*v. Crummin,* 1823 WL 1538 (La. 1823) (tortious acts, do not furnish ground for an action, when they occasion no damage to others); *Perkins v. Brown,* 236 So.2d 579, 581 (La. App. 1970) (for there to be a cause of action, the plaintiff must suffer some loss or receive some damage).

### A. Plaintiffs Cannot Recover Diminution in Value/Stigma Damages Based on Pure Speculation

Plaintiffs' own expert, Parke McEnery, failed to provide testimony or evidence quantifying any diminution in value of either Plaintiffs' property. Instead, he waxed poetic about uncertainties in the future based on nothing more than pure conjecture and rank speculation. Under Louisiana law, stigma damages are those recoverable for the diminution of property value. *Mitchell v. East Baton Rouge Parish*, 2009-1076, p. 6 (La. App. 1 Cir. 7/16/10), 2010 WL 2889572 (Kuhn, J., dissenting). To the extent Plaintiffs seek future diminution in value based on mere uncertainty and speculation put forth by Mr. McEnery, such testimony should not be considered. An award of damages cannot be based on speculation or conjecture. *Tadin v. New Orleans Public Service,* 76 So. 2d 910, 912, 226 La. 629, 634 (La. 1954). Plaintiffs failed to come forward with legally sufficient evidence of loss of diminution in value—either now or in the future.

### B. Plaintiffs Failed to Offer Sufficient Evidence of Mental Anguish to Meet the Legal Standard as Defined by Vincent v. City of Iowa

Plaintiffs are not entitled to mental anguish damages arising from alleged property damage because Plaintiffs have not come forward with evidence sufficient to "constitute an actual mental injury." *Vincent v. City of Iowa*, 244 So.3d 22, 26, 2017-951 La.App. 3 Cir. 4/11/18, 4 (La. App. 3 Cir. 2018). Mere worry is insufficient. *Id.*; *see also Blache v. Jones,* 521 So.2d 530, 531 (La.App. 4th Cir.1988) (citations omitted). Every instance of property damage is accompanied by some degree of worry or mental anguish on behalf of the property owner, however such minimal worry and inconvenience is not ordinarily compensable under Louisiana law. *Farr v Johnson*, 308 So.2d

7

884 (La. App. 2nd Cir. 1975); *Robertson v Geophysical Service Inc.*, 469 So.2d 22 (La. App. 1st Cir. 1985).

At trial, Plaintiffs' testimony was limited to mere aggravation or inconvenience and does not rise to the level of emotional trauma or compensable mental anguish. Indeed, neither plaintiff discussed their alleged concerns with a medical professional and neither Plaintiff has attempted to sell their home or otherwise relocate since learning of the alleged contamination. As such, Plaintiffs' claims for mental anguish arising out of alleged property damage must be dismissed.

### C.  *Plaintiffs' Evidence Does Not Support an Award for Loss of Use*

Under Louisiana law, there is a distinction between mental anguish damages (i.e. classic non-pecuniary damages) related to property loss and claims of loss of use damages. *FIE, LLC v. New Jax Condo Ass'n, Inc*., 241 So.3d 372, 386 (La. App. 4th Cir. 2018), writ denied, 243 So.3d 544 (La. 5/25/18), and writ denied, 243 So.3d 545 (La. 5/25/18). The former is rooted in tort law, and the latter is rooted in Louisiana property law. *See Chriss v. Manchester Ins. & Indem.* Co., 308 So.2d 803, 805 (La. App. 4th Cir. 1975). When a person interferes with one of these rights of ownership by causing damage to property, the owner acquires a personal right of action against the person who causes damage via negligence or otherwise. La. Civ. Code art. 2315; *See also FIE,* 241 So.3d at 386; *MCI Commc'ns Servs., Inc. v. Hagan*, 74 So.3d 1148, 1155 (La. 2011). In other words, loss of use damages are intended to compensate an owner's loss of the right to use the property.

Here, Plaintiffs have not lost the right to use their property. In fact, Plaintiffs continue to live in and use their property as they always have. Any restrictions on visitors are self-imposed and do not arise from Plaintiffs' inability to use the property. To the extent the restrictions on visitors are based on fear of exposure or illness, such claims have already been dismissed from this

8

action[5] and, in any event, would be unfounded. Plaintiff Dara is not, and has never been, over the plume. With respect to Plaintiff McLaren, he admits that he has never been told his property is unsafe and his indoor air sampling results have not exceeded regulatory standards or otherwise indicated a risk to human health. Because Plaintiffs continue to use their property without restriction, Plaintiffs are not entitled to any damages for loss of use and such claims should be dismissed.

## IV.
## CONCLUSION

For these reasons, Dresser respectfully requests this Court grant its judgment as a matter of law and dismiss Plaintiffs' claims under La. Civ. Cod arts. 2315, 2317.1, and 667 with prejudice for failure to meet one or more of the essential elements. In the alternative, Dresser requests this Court dismiss Plaintiffs' claims for diminution in value, mental anguish, and loss of use because the evidence is not legally or factually sufficient to support an award of damages.

---

[5] October 25, 2024 Hearing Draft Tr. 45:9 – 11 (pending final transcript).

Date: November 4, 2024                                   Respectfully submitted,

*s/ Andrew M. Stakelum*
Tracie J. Renfroe (*pro hac vice*)
trenfroe@kslaw.com
Andrew M. Stakelum (La. #30738)
astakelum@kslaw.com
Craig A. Stanfield (*pro hac vice*)
cstanfield@kslaw.com
Mandie M. Cash (La. #35699)
mcash@kslaw.com
Mitchell B. Bryant (*pro hac vice*)
mbbryant@kslaw.com
Marissa Grabowski (*pro hac vice*)
mgrabowski@kslaw.com
KING & SPALDING LLP
1100 Louisiana St., Suite 4100
Houston, TX 77002
Tel: (713) 751-3200
Fax: (713) 751-3290

-and-

Eric E. Jarrell (La. #16982)
ejarrell@kingjurgens.com
Robert J. Burvant (La. #14119)
rburvant@kingjurgens.com
Michael J. Cerniglia (La. #29792)
mcerniglia@kingjurgens.com
KING & JURGENS, L.L.C.
201 St. Charles Ave., 45th Floor
New Orleans, LA 70170
Tel: (504) 582-3800
Fax: (504) 582-1233

**Counsel for Dresser, LLC**

10

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure.

Houston, Texas, this 4th day of November, 2024.

*s/Mandie M. Cash*
Mandie M. Cash
