UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JACOB BARNES, ET AL                     CIVIL DOCKET NO. 1:21-cv-00024

VERSUS                                  JUDGE DAVID C. JOSEPH

DRESSER, LLC, ET AL                     MAGISTRATE JUDGE JOSEPH H.L.
                                        PEREZ-MONTES

MEMORANDUM RULING

Before the Court is BELLWETHER PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND NEW TRIAL AND ALTERNATIVE MOTION FOR A NEW TRIAL (the "Motion") filed by Plaintiffs Joshua Dara, Sr. and Joseph McLaren (hereinafter, the "Bellwether Plaintiffs"). [Doc. 361]. Defendants Dresser, LLC ("Dresser") and General Electric Company ("GE") oppose the Motion [Docs. 363, 364, respectively], and the Bellwether Plaintiffs filed a reply brief. [Doc. 368]. For the following reasons, the Bellwether Plaintiffs' Motion is DENIED.

I.    Factual and Procedural Background

The relevant facts and procedure for purposes of the instant Motion are as follows. On July 22, 2024, the Court conducted a status conference with all counsel, at which time it was determined that, rather than conduct a Phase I trial,[1] the parties would select a representative plaintiff/property owner from among the Plaintiffs in the Related Cases[2] and proceed with a complete jury trial on the merits of the

---

[1]    The Phase I trial had been devised as a vehicle to determine common issues of fact and address allocation of causal responsibility among the defendants.

[2]    The following Related Cases have been consolidated for discovery purposes: *Cook v. Dresser, LLC*, No. 1:21-cv-00696-DCJ-JPM; *Barton v. Dresser, LLC*, No. 1:22-cv-00263-DCJ-JPM; *Barnes v. Dresser, LLC*, No. 1:21-cv-00024-DCJ-JPM; *Arnold v. Dresser, LLC*, No. 1:23-

representative plaintiffs' property damages claims (the "Bellwether Trial"). The plaintiffs selected by counsel were Joshua Dara, Sr. and Joseph McLaren (the "Bellwether Plaintiffs"), two property owners and residents of the Timber Trails neighborhood located to the south of the Dresser Facility. The Bellwether Plaintiffs alleged that their properties had been contaminated by TCE and other hazardous chemicals, and each alleged claims against Dresser and GE under Articles 2315, 2317.1, and 667 of the Louisiana Civil Code. Each of the Bellwether Plaintiffs also invoked the Louisiana Groundwater Act, La. R.S. § 30:2015.1 (the "Groundwater Act"), in their Complaints [Docs. 1, 4, 26, 47, 141], which the Court determined applies to this action. [Doc. 230]. Under the Groundwater Act,

> If, prior to judgment on the merits, a party admits responsibility or the court makes a determination that contamination of usable ground water exists which poses a threat to the public health, and that evaluation or remediation is required to protect usable ground water and determines the responsible party, the court shall either order the responsible party or a court-appointed expert to develop a plan for evaluation or remediation of the contamination. The court shall also consider any plan submitted by the plaintiff. The court shall order the Department of Environmental Quality to respond to any plan submitted within sixty days from the date of submission.

La. R. S. § 30:2015.1(C)(1). Prior to trial, on May 1, 2024, the parties executed a joint stipulation that the existence of contaminants in usable groundwater in the vicinity of the Dresser facility necessitates evaluation and remediation to protect usable groundwater, and that per the Groundwater Act, Dresser is a "responsible party." [Doc. 182].

---

cv-01795-DCJ-JPM; and *D&J Investments of Cenla, LLC v. Dresser, LLC,* No. 1:23-cv-00508-DCJ-JPM. All Related Cases, except for the instant case, are currently stayed.

The Bellwether Trial was conducted over eight days in late October through early November 2024. At the close of Defendants' case, the Bellwether Plaintiffs moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), seeking a judgment of liability against Dresser based on Dresser's admission of responsibility for groundwater contamination under the Groundwater Act. They argued Dresser presented no additional evidence during the trial to qualify this admission, which was sufficient to establish Dresser's liability on each of the Bellwether Plaintiffs' substantive claims. The Court denied the Motion. [Doc. 306].[3] At the conclusion of trial, the jury unanimously determined that Dresser and GE were not liable to the Bellwether Plaintiffs on any of their claims for damages. [Doc. 312]. Accordingly, the Court entered a FRCP 54(b) Partial Final Judgment against the Bellwether Plaintiffs and in favor of Dresser and GE on June 24, 2025. [Doc. 351].

In the instant Motion, the Bellwether Plaintiffs now re-urge their Rule 50(a) oral motion and seek judgment as a matter of law under Federal Rule of Civil Procedure 50(b) on the same grounds, *i.e.*, that they are entitled to judgment as a matter of law because Dresser stipulated to "responsibility" for groundwater contamination under the Groundwater Act, and that such constitutes an admission of liability for purposes of the Bellwether Plaintiffs' claims.[4] Alternatively, the Bellwether Plaintiffs seek a new trial under FRCP 59, asserting that this Court's

---

[3]    On November 4, 2024, the Court granted GE's Rule 50(a) motion for judgment as a matter of law on the Bellwether Plaintiffs' Article 2317 and 2317.1 claims. [Doc. 302].

[4]    The Bellwether Plaintiffs contend that if the Court grants their Rule 50(b) Motion, a new trial is required on the remaining issues under Rule 50(b)(2).

orders required hasty trial preparation, truncated their presentation of evidence, and violated due process requirements.

## II.    Legal Standards

### A.    FRCP 50

Federal Rule of Civil Procedure 50(b) allows a court to review its earlier denial of a Rule 50(a) motion[5] as a matter of law if the movant again raises the motion after a jury verdict. *Kevin M. Ehringer*, 646 F.3d at 324–25, *citing Downey v. Strain*, 510 F.3d 534, 543 (5th Cir.2007). A motion for judgment notwithstanding the verdict "is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Heck v. Triche*, 775 F.3d 265, 272-73, *quoting Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). The Fifth Circuit's "standard of review with respect to a jury verdict is especially deferential," *Brown v. Bryan County, OK.*, 219 F.3d 450, 456 (5th Cir. 2000), and "[a] jury verdict must be upheld unless there is no legally sufficient basis for a reasonable jury to find as the jury did." *Heck*, 775 F.3d at 273, *quoting Foradori*

---

[5]    After a party has been fully heard in a jury trial, at the close of evidence but before the case is submitted to the jury, Federal Rule of Civil Procedure 50(a) permits a court to grant a motion for judgment as a matter of law if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue[.]" Fed. R. Civ. P. 50(a)(1). *Kevin M. Ehringer Enterprises, Inc. v. McData Services Corp.*, 646 F.3d 321, 324 (5th Cir. 2011), *citing Travelers Cas. & Sur. Co. of Am. v. Ernst & Young, LLP*, 542 F.3d 475, 481 (5th Cir. 2008), and *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008). "The district court properly grants a motion for judgment as a matter of law only if the facts and inferences point so strongly in favor of one party that reasonable minds could not disagree." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 n.9 (5th Cir. 2001). The court considers all the evidence, not merely that which supports the nonmovant's case, "but in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Gomez v. St. Jude Medical Daig Div., Inc.*, 442 F.3d 919, 927 (5th Cir. 2006), *citing Info. Communication Corp. v. Unisys Corp.*, 181 F.3d 629, 633 (5th Cir. 1999). In deciding such a motion, the court "may not make credibility determinations or weigh the evidence." *Kevin M. Ehringer*, 646 F.3d at 325, *quoting Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L.Ed.2d 105 (2000).

*v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008). In considering a Rule 50(b) motion, the court must draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmovant. *Id.*, *citing Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001).[6] *See also Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 653 (5th Cir. 2019) (citations and quotations omitted) (a party is only entitled to judgment as a matter of law on an issue where no reasonable jury would have had a legally sufficient evidentiary basis to find otherwise); *Flowers v. S. Reg'l Physician Servs. Inc.,* 247 F.3d 229, 235 (5th Cir. 2001) (a district court must deny a motion for judgment as a matter of law "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion).

### B.    FRCP 59

Alternatively, Defendants seek a new trial under FRCP 59(a), which permits a district court to grant a new trial "on all or some of the issues after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a).[7] Though undefined by the Rule, a district court

---

[6]    Because a Rule 50(b) motion "is technically only a renewal of the [Rule 50(a) motion for judgment as a matter of law, a/k/a a motion for a directed verdict] ... it cannot assert a ground that was not included in the [original] motion for directed verdict." *Arsement v. Spinnaker Exploration Co.*, 400 F.3d 238, 247 (5th Cir. 2005) ("If a party fails to raise an issue in its Rule 50(a)(1) motion at trial, it may not do so in its post-trial Rule 50(b) motion."), *citing Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 284 n.5 (5th Cir. 1999) (Rule 50(b) motions may not raise issues not raised under Rule 50(a), but new grounds may be considered where, as here, the non-movant does not object).

[7]    Rule 50 provides that a party "may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b); *Long v. Shultz Cattle Co.*, 881 F.2d 129, 132 (5th Cir. 1989) (An alternative motion for a new trial "may be granted even if the moving party is not entitled to judgment as a matter of law.").

may grant a new trial if, for example, it finds that "the verdict was against the weight of the evidence," or "the damages awarded were excessive." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 784 (5th Cir. 2018). "A motion for a new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 497 (5th Cir. 2002). The decision to grant or deny a motion for a new trial, including the determination of whether a verdict is against the great weight of the evidence, is a question committed to the court's sound discretion. *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 230 (5th Cir. 2020); *Foradori v. Harris*, 523 F.3d 477, 503-04 (5th Cir. 2008).

Because this case arises under this Court's diversity jurisdiction, Louisiana law controls all issues of substantive law. *See also Foradori v. Harris*, 523 F.3d 477, 497 (5th Cir. 2008) ("In an action based on state law but tried in federal court by reason of diversity of citizenship" like this case, "a district court must apply a new trial or remittitur standard according to the state's law controlling awards for excessiveness or inadequacy."). Under federal law, this Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Under state law, a new trial is appropriate "[w]hen the verdict or judgment appears clearly contrary to the evidence," La. Code. Civ. P. art. 1972, or "if there is good ground therefore," La. Code Civ. P. art. 1973.

## III.    Analysis

A Rule 50(b) motion tests the sufficiency of the evidence at trial. Here, the Bellwether Plaintiffs argue that Dresser's admission of responsibility under the

Groundwater Act is tantamount to an admission of liability on the Bellwether Plaintiffs' substantive claims.  This argument is without merit.

As an initial matter, to establish liability under Articles 2315 and 2317.1 of the Louisiana Civil Code, a plaintiff is required to prove that a defendant's conduct was a legal cause of their injuries <u>and that the plaintiff suffered actual damages</u>.[8] Similarly, Article 667 requires the plaintiff to prove that a defendant knew or should have known that his works would cause damage and that the damage could have been prevented by the exercise of reasonable care.[9]  Thus, actual damages are an essential component of liability for each of the Bellwether Plaintiffs' claims.  Here, it is clear from the verdict form that the jury found unanimously that neither Dresser nor GE caused the Bellwether Plaintiffs any injury or actual damages.

Furthermore, the Bellwether Plaintiffs appear to have conflated the concepts of substantive liability as determined by a factfinder and stipulated "responsibility" under the Groundwater Act.  The Groundwater Act itself expressly does not create a cause of action for which a party can be liable.  La. R.S. § 30:2015.1(I).  Rather, as explained by Louisiana courts:

> The [Louisiana] legislature expressly specified [the Groundwater Act] to be procedural, not substantive; it is understood to provide a set of procedures to be followed in litigation wherein the plaintiffs seek 'to recover damages for the evaluation and remediation of any contamination or pollution that is alleged to impact or threaten usable ground water.

---

[8]    *See* Jury Instructions.  [Doc. 307].

[9]    *Id.*

*Robichaux v. State ex rel. Dep't of Health & Hosps.*, 952 So. 2d 27, 39 (La. App. 1st Cir. 12/28/06), *writ denied,* 959 So. 2d 503 (La. 6/22/07), and *writ denied,* 959 So. 2d 504 (La. 6/22/07), and *writ denied,* 959 So. 2d 504 (La. 6/22/07), *citing Simoneaux v. Amoco Prod. Co.,* 860 So. 2d 560, 575 (La. App. 1st Cir. 9/26/03). Thus, the Groundwater Act is a vehicle by which courts are tasked with the responsibility to ensure that impacted groundwater is remediated, and that plaintiffs do not simply pocket any money awarded by a jury for groundwater remediation. *See id.* § 30:2015.1(C); *see Thomas A. Wilbert & Sons, L.L.C.*, 2009 WL 1272358, at *6 (La. Ct. App. 2009) ("[T]he statute . . . requires all damages for remediation to be paid into the registry of the court and actually used for the purpose of remediation."). Therefore, while undoubtedly relevant to tort liability, it is clear that responsibility under the Groundwater Act is a procedural mechanism separate and distinct from liability on a private claim.[10]

Here, the jury heard eight days of testimony from numerous experts, including Dresser's real estate expert, who testified that the Bellwether Plaintiffs have experienced no diminution in the value of their properties. Based on the totality of the evidence, the jury unambiguously found that the Bellwether Plaintiffs failed to prove at least one essential element of each of their claims. These findings by the jury are supported by the evidence and testimony of the witnesses at trial and are

---

[10]    Although the Bellwether Plaintiffs spend a great deal of time discussing the history of the Groundwater Act and, by comparison, the legislature's treatment of La. R.S. § 30:29, *et seq.*, which governs oilfield remediation and is commonly referred to as Act 312, the Court finds such discussion unnecessary. The text of the Groundwater Act alone, without comparison to Act 312, is sufficient evidence of its meaning and application.

entitled to a high degree of deference. Considering the foregoing, the Court concludes that the Bellwether Plaintiffs are not entitled to judgment as a matter of law.

Nor are the Bellwether Plaintiffs entitled to a new trial under FRCP 59. Plaintiffs' arguments that they were required to retain experts on very short notice, that they had time constraints to present their case, and that the Bellwether Plaintiffs will not be able to take advantage of evidence generated by future plaintiffs are without merit. First, the Bellwether Plaintiffs lodged no objection to this Court's decision to proceed with a Bellwether Trial as a way to test the claims of two Plaintiffs selected by the parties to prove their property damages claims. Furthermore, at the July 22, 2024, status conference, wherein the Court first raised the issue of proceeding with a Bellwether Trial, the Bellwether Plaintiffs specifically indicated that they would have sufficient time to develop their experts for this phase of the case. [Doc. 363-1, p. 18:15–21] ("But we may when we start pressing those issues. So I do think that we will need to -- even though factual discovery is largely complete or complete, we are gonna have to go through *another little phase of the experts. . . supplemental reports, another round of depositions. That's not going to be that big a deal.*" (emphasis added)).

Moreover, this Court was well within its discretion in limiting each party to an extremely generous 20 hours for presentation of evidence in this case. *See, e.g., Deus v. Allstate Ins. Co.*, 15 F.3d 506, 520 (5th Cir. 1994) (district court did not abuse its discretion in limiting each party's presentation of evidence to three days); *see also Wilson v. Baucom*, 2023 WL 4288350, at *6 (5th Cir. June 30, 2023) ("find[ing] no error" in the district court's decision to grant each party "five hours to present its

case");[11] *In re Life Partners Holdings, Inc.*, 2017 WL 11517990, at *13 (N.D. Tex. Dec. 29, 2017) (denying request for new trial challenging 20-hour time limit). Not only did the 20-hour rule apply to each party, the trial lasted 8 full days and included the testimony of 21 witnesses, hardly a scenario in which the parties were shortchanged in their presentation of evidence. Quite the contrary, the Court observes that some of the testimony was repetitive and that the parties left no stone unturned in presenting their respective cases. And even if not, "[a] party is not entitled, as a matter of right, to put on every witness he may have," and a court has an inherent right to place reasonable limitations on the time allotted to any given trial in the management of its docket. *Wilson*, 2023 WL 4288350,

Finally, there is no merit to the Bellwether Plaintiffs' argument that they are being denied due process because they did not have the benefit of a fully developed evidentiary record when presenting their claims. The record shows that the Bellwether Plaintiffs agreed to a Bellwether Trial and were given sufficient time to confer with Dresser's counsel to agree upon representative plaintiffs – that is, plaintiffs with property damages claims who owned property located both over and not over the contaminated plume — to participate in the Bellwether Trial. Given the efforts to ensure that representative plaintiffs were selected and given the agreement of all counsel that a Bellwether Trial would provide valuable information about the

---

[11] In *Wilson*, the Fifth Circuit made clear that FRE 403 and 611(a) give the district court wide discretion in the management of its docket and the presentation of evidence. 2023 WL 4288350, at *6, *citing Deus v. Allstate Ins. Co.*, 15 F.3d 506, 520 (5th Cir. 1994). In the management of its docket, the court has an inherent right to place reasonable limitations on the time allotted to any given trial. *Deus*, 15 F.3d at 520 (citing *United States v. Reaves*, 636 F. Supp. 1575 (E.D. Ky. 1986)).

strength of the property damages claims of all Plaintiffs in the Related Cases, the Court concludes that the due process rights of the Bellwether Plaintiffs were not compromised.

Considering the foregoing,

IT IS  HEREBY ORDERED that BELLWETHER PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND NEW TRIAL AND ALTERNATIVE MOTION FOR A NEW TRIAL [Doc. 361] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 26th day of August 2025.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE